IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEANPIERRE,<br><br>                    Plaintiff,<br>v.<br><br>PUBLIC STORAGE, et al.,<br><br>                    Defendants. | REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS [45]<br><br><br>Case No. 2:25-cv-00287-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 17). *Pro se* Plaintiff Brandon Michael Jeanpierre (Mr. Jeanpierre or Plaintiff) filed a Complaint (ECF 1) asserting claims for religious discrimination. Before the court is a Motion to Dismiss (ECF 45) (Motion) filed by Defendants Public Storage, Public Storage OP, and Public Storage Operating Company (collectively, Public Storage or Defendants). Having carefully considered the relevant filings (ECF 45–47), the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that the court GRANT the Motion (ECF 45).

## I.    BACKGROUND

Construing the Complaint liberally,[1] Plaintiff alleges violations of the Free Exercise Clause of the First Amendment pursuant to the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, and 42 U.S.C. § 1983 (ECF 1-2; ECF 1 at 3). Plaintiff alleges that he is a member of a

---

[1] Because Plaintiff is proceeding pro se, the court construes the Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

1

religion named The Black Flag and that he stored "consecrated items necessary for religious corporate activations" in a storage unit owned by Defendants (ECF 1 at 4). Plaintiff's claims arise from Defendants issuing a lien notice for the stored property because Plaintiff failed to pay the contracted storage fees (*id.*). Plaintiff requests nearly $65 million in damages for "religious harm" and other injunctive relief including "immediate return of all religious property" (*id.* at 5).

On April 17, 2025, Plaintiff filed an ex parte motion for a temporary restraining order (TRO) (ECF 10) seeking return of his property and other relief. The next day the court issued an Order (April 18, 2025 Order) denying the TRO based on Plaintiff's failure to show likelihood of success on the merits, reasoning that "the Free Exercise Clause and RFRA bind the government, not private entities like a storage facility" (ECF 18 at 2). On April 30, 2025, Defendants filed the present Motion seeking dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim (ECF 45). Plaintiff filed an Opposition (ECF 46) to the Motion, and Defendants thereafter filed a Reply (ECF 47). The court will consider the parties' respective arguments in turn.[2]

## II.   DISCUSSION

### A.   Subject matter jurisdiction

Defendants seek dismissal of the Complaint pursuant to Rule 12(b)(1) for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A challenge to subject matter jurisdiction may be either facial or factual. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1072 (10th Cir. 2004). Where, as here, Defendants bring a facial challenge to subject matter jurisdiction,

---

[2] Plaintiff has filed numerous other exhibits, motions, and other documents (ECF 12–16, 21, 23–24, 26, 28–34, 37, 40–44, 49–53), which have been lodged and will not be considered as they were filed in violation of the court's filing restrictions (ECF 9). Moreover, at this stage of litigation, the court's task is "to stay within the four corners" of the Complaint. *Duran v. Colbert*, No. 2:16-cv-805 CW, 2023 WL 2742738, at *2 (D. Utah Mar. 31, 2023) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.")).

the court accepts the allegations of the Complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *See Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

Federal courts "are courts of limited subject-matter jurisdiction." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Section 1331 provides for federal question jurisdiction for cases arising under federal law. *See* 28 U.S.C. § 1331. For federal question jurisdiction under § 1331, "the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012).

"[J]urisdiction under § 1331 exists only where there is a 'colorable' claim arising under federal law." *McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014). "A claim can be meritless while still being colorable, but a court may dismiss for lack of subject-matter jurisdiction 'when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 1156–57 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). In applying this standard, the court must determine whether "the cause of action alleged is *so patently without merit* as to justify . . . the court's dismissal for want of jurisdiction." *Duke Pwr. Co. v. Carolina Envt'l Study Grp.*, 438 U.S. 59, 70 (1978). To overcome this jurisdictional hurdle, "[t]he complaint must identify the statutory or constitutional provision under which the

claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

Here, Defendants argue that the Complaint fails to adequately allege federal question jurisdiction because the Complaint makes only "hollow" statements asserting a First Amendment claim without "connect[ing] any facts of the claim to a requisite federal ingredient" (ECF 45 at 4–5). Defendants contend that this is really a "state dispute" relating to a contractual relationship[3] and notes that "Defendants are not state or local officials" subject to federal liability (*id.* at 6). The court agrees that review of the Complaint reveals only conclusory factual allegations to support a claim under the First Amendment. However, this claim is not so completely devoid of merit that it does not give rise to a federal controversy. The court finds that Plaintiff's federal claim is at least colorable and will address its merit under Rule 12(b)(6) below. Plaintiff has thus established federal question jurisdiction.[4]

### B. Failure to state a claim

Defendants also seek dismissal of the Complaint pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court

---

[3] Defendants note that Plaintiff initiated a state action against Defendants seeking a civil wrongful lien injunction in the Third District Court in Salt Lake County in which the state court ruled against Plaintiff (ECF 45 at 5 (citing *Jeanpierre v. Public Storage, et al.*, No. 250901004)). While this may be helpful background information, it is not determinative to the court's decision. *Cf. Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may 'take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.'" (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007))).

[4] Given that there is federal question jurisdiction, the court does not reach the parties' arguments relating to diversity jurisdiction.

has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Here, Plaintiff's Complaint and accompanying exhibits purport to give rise to a claim against Defendants under the First Amendment for burdening his exercise of religion (ECF 1 at 4). As explained above, Plaintiff's Complaint makes only conclusory allegations of "religious harm" and "religious violence" by Defendants (ECF 1 at 4). Specifically, Plaintiff claims that he "stored religious property essential to The Black Flag's mission" and that "[d]espite receiving notice of the property's religious nature, Defendants issued a lien notice . . . and continued enforcement actions against sacred religious property" (*id.*). Plaintiff further alleges that "Defendants' actions substantially burden The Black Flag's religious exercise without compelling justification and constitute religious violence as defined in The Black Flag's religious doctrine" (*id.*). Plaintiff brings his First Amendment claim pursuant to RFRA and § 1983.

To begin, "RFRA provides a remedy to redress violations of the right to free exercise under the First Amendment." *Jeanpierre v. Trump*, No. 2:25-CV-00290, 2025 WL 3216060, at *4 (D. Utah Nov. 18, 2025) (citing *Tanzin v. Tanvir*, 592 U.S. 43, 48–52 (2020)). RFRA "bars the federal government from 'substantially burden[ing] a person's exercise of religion even if the burden results from a rule of general applicability,' unless the government shows the burden . . . '(1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'" *Id.* (quoting *United States v. Hardman*, 297 F.3d 1116, 1126 (10th Cir. 2002)). "The government substantially burdens religious exercise if it (1) 'requires

participation in an activity prohibited by a sincerely held religious belief,' (2) 'prevents participation in conduct motivated by a sincerely held religious belief,' or (3) 'places substantial pressure on an adherent . . . to engage in conduct contrary to a sincerely held religious belief.'" *Id.* (quoting *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1138 (10th Cir. 2013), *aff'd sub nom. Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014)).

Even accepting Plaintiff's allegations as true, the Complaint fails to state a plausible claim for relief under RFRA. Under a liberal construction of the Complaint, it appears that Plaintiff is asserting that Defendants prevented his participation in conduct motivated by a sincerely held religious belief through their enforcement actions against his religious property (ECF 1 at 4). However, nowhere in the Complaint does Plaintiff identify any enforcement action or other conduct by the federal government that would be subject to RFRA. Rather, Plaintiff makes allegations of misconduct only by Defendants, the owners and operators of the storage unit where Plaintiff stored his religious property. The court previously ruled in its April 18, 2025 Order that RFRA does not bind Defendants as private entities (ECF 18 at 2). Consistent with this ruling, the court concludes that given that the Complaint identifies Defendants as business entities (ECF 1 at 2–3), RFRA is not applicable to Defendants.

Turning to § 1983, Plaintiff relies on *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982) in the Opposition (ECF 46 at 2) to assert that Defendants are liable for First Amendment violations as state government actors. 42 U.S.C. § 1983 provides a remedy against "persons" who violate federal rights while "acting under color of state law." 42 U.S.C. § 1983. In the Opposition but not alleged in the Complaint, Plaintiff argues that Defendants are state actors under § 1983 based on their "utilization of Utah's statutory lien enforcement procedures" (ECF 46 at 2). Defendants

respond that they cannot be considered state actors because they "have not acted together with significant aid from state officials" (ECF 47 at 4).

The court agrees with Defendants, given that "the mere existence of a governmental contract or applicable regulations does not transform a private actor into a state actor for purposes of § 1983 liability; instead, a plaintiff must demonstrate 'a private party's joint participation with state officials in the seizure of disputed property[.]'" *See Walz v. Repros*, No. 2:24-cv-809-TC-DBP, 2025 WL 615363, at *3 (D. Utah Feb. 26, 2025) (quoting *Coleman v. Turpen*, 697 F.2d 1341, 1345 (10th Cir. 1982)). As an initial matter, given that the court is constrained to "the four corners" of the Complaint, the court declines to consider Plaintiff's allegations in the Opposition asserting that Defendants are state actors. *See Duran*, 2023 WL 2742738, at *2. Although Plaintiff makes cursory references to state lien procedures in the Opposition, Plaintiff fails to include any allegations in the Complaint suggesting that Defendants participated jointly with state officials in seizing his stored property or any other allegations that would give rise to liability as state actors under § 1983. Because neither RFRA nor § 1983 is applicable to Defendants, Plaintiff has failed to make sufficient allegations to support a plausible First Amendment claim against Defendants. For these reasons, the undersigned RECOMMENDS that the Complaint be dismissed for failure to state a claim.

## RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that the court GRANT Defendants' Motion to Dismiss (ECF 45) and that Plaintiff's Complaint be dismissed.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 23 January 2026.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah